UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRANCE AGOSTINI,

Plaintiff,

-vs-

T. BACKUS, CORRECTION OFFICER, D. VICTOR, CORRECTION OFFICER, and SERGEANT T. WILL, individually and in their official capacities,

Defendants.

---

DECISION AND ORDER

14-CV-6188 CJS

## INTRODUCTION

This is an action under 42 U.S.C. § 1983 brought by Terrance Agostini ("Plaintiff"), a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Attica Correctional Facility ("Attica"). Now before the Court is Plaintiff's application (Docket Nos. [#2] & [#6]) for preliminary injunctive relief. The application is denied.

## BACKGROUND

On October 4, 2013, Plaintiff was residing in the D Block "Honor Block" at Attica, and wanted to remain there. In order to remain in the Honor Block, however, Plaintiff needed to have a certain type of inmate work assignment. On October 4, 2013, Plaintiff was working as the Honor Block Clerk. However, Defendant Victor, a corrections officer at Attica, "fired" Plaintiff from his Clerk position, and vowed to prevent Plaintiff from obtaining any other work that would allow him to remain in D Block. Thereafter, Victor and Defendant Backus, also a corrections officer, attempted to prevent Plaintiff from obtaining

another job, and verbally abused Plaintiff when he threatened to notify their superior officer, Defendant Sergeant Will. Eventually, Plaintiff complained about Victor and Backus, after which, according to Plaintiff, they issued him retaliatory misbehavior reports. Plaintiff was found guilty of one of the misbehavior reports, and was moved out of D Block. Plaintiff now resides in B Block, but maintains that he occasionally hears, from other inmates or staff, that Victor and Backus are making threatening statements about him. However, the last time he alleges that a retaliatory misbehavior report was filed against him was in December 2013.

On April 18, 2014, Plaintiff commenced this action. On May 19, 2014, Plaintiff filed the Amended Complaint [#5]. On February 4, 2015, in lieu of answering the Amended Complaint, Defendants filed a motion for partial dismissal. By separate Decision and Order, this Court ruled that Plaintiff's retaliation claims against Victor and Backus may go forward.

When Plaintiff commenced this action, he also requested preliminary injunctive relief, because he anticipated that when Defendants were served with his lawsuit, they would retaliate against him. Plaintiff's request, therefore, is aimed at preventing possible future harm, as opposed to ending existing harm. *See*, Docket No. [#6] at ¶ 2 ("I am seeking this injunction to grant plaintiff immunity from disciplinary sanctions that could be imposed once defendants are served with [the] Complaint[.]"). In that regard, Plaintiff suspects that since Defendants previously retaliated against him when he complained about them, they are likely to do so again. Plaintiff requests the following injunctive relief: 1) a transfer to another prison facility; or 2) an order that Victor, Backus and their fellow corrections officers stop retaliating against him.

DISCUSSION

The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-[he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41,47 (2d Cir. 2008) (citations omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

A district court may deny a motion for preliminary injunctive relief without a hearing, and its decision to do so is reviewed for an abuse of discretion. *Wall v. Construction & Gen. Laborer's Union*, No. 036091, 80 Fed.Appx. 714, 2003 WL 22717669 at *1 (2d Cir. Nov. 17, 2003).

Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also, Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered

irreparable injuries.") (citation and internal quotation marks omitted).

*The Request for a Transfer to a Different Facility*

Plaintiff's request for an injunction requiring DOCCS to transfer him is denied, as Prison inmates have no right to choose where they are housed. On this point,

> [there is] Supreme Court precedent holding that prisoners cannot dictate the particular institution within a penal system to which they are confined. In *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), the Court ruled that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Id*. at 245, 103 S.Ct. 1741. Rather, "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (emphasis added); *accord McKune v. Lile*, 536 U.S. 24, 39, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

*Lewis v. Rawson*, 564 F.3d 569, 578 (2d Cir. 2009); see also, *Hooks v. Howard*, No. 9:07-CV-0724 (TJM)(RFT), 2008 WL 2705371 at *1 (N.D.N.Y. Jul. 3, 2008) ("Insofar as plaintiff seeks a transfer to a different correctional facility, his motion must be denied. It is settled in this Circuit that an inmate does not a have a right to be confined to the prison of his own choosing."). Moreover, even assuming that such relief was available, Plaintiff has not made a convincing showing that he is presently in danger at Attica.

*The Request for an Order Enjoining Defendants from Retaliating*

Since December 2013, Plaintiff has not been housed in D Block, where Victor and Backus are assigned, but he has heard through the prison grapevine that they still make threatening comments about him to inmates and staff who are assigned to B Block, where he now resides. Apart from such threats, which are not actionable under § 1983, Plaintiff

is concerned that Victor and Backus will find a way to retaliate against him for bringing this lawsuit.

On these facts, Plaintiff's request for injunctive relief must be denied, since Plaintiff's concern about future retaliation, even if sincere, is speculative, and therefore is not sufficient to establish irreparable harm. *See, Salvatierra v. Connolly*, No. 09 Civ. 3722(SHS)(DF), 2010 WL 5480756 at *24 (S.D.N.Y. Sep. 1, 2010) ("Plaintiff's general fear of future retaliation by Defendants is too speculative to warrant injunctive relief.") (citation omitted), report and recommendation adopted by 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011); *Ward v. LeClaire*, No. 9:07-CV-0026 (LEK/RFT), 2007 WL 1532067 at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement. Although Plaintiff claims that he will face future threats and harassment, Plaintiff cannot claim with any certainty how, when, or where he will be retaliated against, or that the retaliation will result in irreparable harm to Plaintiff.") (citation omitted).

CONCLUSION

Plaintiff's application for preliminary injunctive relief (Docket Nos. [#2] & [#6]) is denied.

So Ordered.

Dated: Rochester, New York
April 9, 2015

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge